**Opinion filed September 12, 2024**



## In The

# Eleventh Court of Appeals

_____

### No. 11-24-00142-CR

_____

### FRANCISCO GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-20-1159-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Francisco Garcia, pleaded guilty to the first-degree felony offense of possession with intent to deliver a controlled substance in penalty group two in an amount of four grams or more but less than four-hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103(a)(3), 481.113(a), (d) (West Supp. 2023). On October 19, 2020, based on the parties' negotiated plea agreement, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of four years.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, then amended it, alleging that Appellant committed seven violations of the terms and conditions of his community supervision. On April 17, 2024, the trial court held a hearing on the State's first amended motion, during which Appellant pleaded "true" to the violations alleged. The trial court accepted Appellant's pleas of "true," and permitted the parties to present evidence as to punishment. The State presented four witnesses, including law enforcement and Appellant's community supervision officers. Then Appellant, his mother, grandfather, and stepfather testified. Upon the conclusion of the hearing, the trial court found the violations alleged to be "true." The trial court adjudicated Appellant guilty, revoked his community supervision, and assessed Appellant's punishment at confinement for forty years in the Correctional Institutions Division of the Texas Department of Criminal Justice. The trial court re-pronounced a $2,000 fine, court costs, and reimbursement fees.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

However, the judgment contains nonreversible errors. First, the judgment orders Appellant to pay a $2,050 fine, while the trial court orally pronounced a $2,000 fine at sentencing. The trial court was required to pronounce the sentence, which includes a fine, in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2023); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). And because the trial court orally assessed a $2,000 fine against Appellant, we have the necessary information for reformation. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the Texas Rules of Appellate Procedure empower courts of appeals to reform judgments); *see also Rhodes v. State*, 676 S.W.3d 228, 235 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (collecting cases). We therefore modify the trial court's judgment and the district clerk's bill of costs to reflect a $2,000 fine rather than a $2,050 fine. *See Taylor*, 131 S.W.3d at 502.

Second, Appellant was ordered to pay court costs of $1,114.14, which includes a third-party collection fee of $840.21. *See* CRIM. PROC. art. 103.0031 (West 2018). Article 103.0031 of the Texas Code of Criminal Procedure authorizes a county's commissioners court or a municipality's governing body to contract with a third party to collect unpaid fines, fees, court costs, forfeited bonds, restitution, and costs related to the accused's failure to appear. *Id*. art. 103.0031(a). The collection fee may be assessed against a defendant as part of past due amounts owed, unless

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

the defendant is indigent. *Id*. art. 103.0031(b), (d). Here, the trial court determined that Appellant was indigent. As such, the trial court erroneously assessed the third-party collection fee against Appellant in the judgment. We modify the trial court's judgment and the district clerk's bill of costs to delete the $840.21 third-party collection fee from the court costs.

Finally, the judgment imposes $1,810.36 in reimbursement fees, part of which is a "COMMUNITY SUPERVISION FEE (APO REIMBURSEMENT)" in the amount of $1,140. In accordance with our interpretation of Article 42A.652 of the Texas Code of Criminal Procedure, a trial court may not order a defendant to pay delinquent community supervision fees after the defendant's community supervision has been revoked. *Valverde v. State*, No. 11-22-00351-CR, 2023 WL 5280772, at *2 (Tex. App.—Eastland Aug. 17, 2023, no pet.) (mem. op., not designated for publication); *but see Turner v. State*, 639 S.W.3d 833, 838–42 (Tex. App.—Fort Worth 2022, pet. ref'd) (upholding the trial court's order of community supervision fees in the judgment adjudicating guilt and revoking the defendant's community supervision). We thus modify the trial court's judgment and the district clerk's bill of costs to reduce the reimbursement fees by $1,140.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.

JOHN M. BAILEY
CHIEF JUSTICE

September 12, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4